ÁUREA ESTHER DE JESÚS, ETC., Plaintiff and Appellee, *v.* DIEGO CASTELLAR COSTAS, Defendant and Appellant.

No. 12103.    Submitted March 20, 1958.—Decided April 7, 1958.

*Jorge Díaz Cruz* for appellant.    *Héctor Lugo Bougal* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The defendant in above-entitled case appealed from a judgment which ordered him to pay an allowance for support of $50 a month to his daughter, Áurea Esther de Jesús, plus $200 for attorney's fees.[1]

---

[1] The original judgment was rendered on August 9, 1956, and did not provide for the payment of allowance for support as of the filing

■ The appellant maintains that the judgments of the lower court "are not supported by the evidence and are contrary to law both as to their pronouncement declaring the paternity proved and to their economic provisions." The assignment is without merit. The evidence on the paternity of the plaintiff daughter was conflicting. The lower court settled the conflict against the defendant, and concluded that he is the girl's father. Contrary to appellant's contention, the record shows that the evidence is sufficient to establish the paternity. The situation here is different from that in *People* v. *Cáceres*, 65 P.R.R. 344, in which the mother never specified, even approximately, the date on which the alleged sexual intercourse with the defendant took place. Here plaintiff's mother testified that she met the defendant-appellant in 1938; that he courted her and their friendship lasted two years while she was still a young girl, and had never before had sexual intercourse with any man; that after those two years of friendship she had sexual intercourse with the defendant, as a result of which she became pregnant sometime in October or November 1941, and on July 5, 1942, she gave birth to a daughter, the plaintiff herein; that at the time she became pregnant she did not have sexual intercourse with any man other than the defendant.

■ A simple mathematical computation shows that there are less than 300 days from the date plaintiff's mother became pregnant to the date of the birth. The exact date of the last coitus is not indispensable to establish the paternity. See *Díaz* v. *Hernández*, 75 P.R.R. 483, 491.

■ As to the reasonableness of the allowance fixed in the judgment appealed from, it suffices to say that there was evidence that the defendant (1) has a monthly income of over $1,000; (2) he owns two pieces of real property in Yauco; (3) he owns two motor vehicles; (4) he is a member of the

---

of the complaint. Subsequently, the lower court, at plaintiff's request, entered an amended judgment ordering the payment of the allowance as to the filing of the complaint. The defendant appealed from both judgments.

Yauco Club, and sends his legitimate daughter to a private school; and (5) he owns a furniture store and is engaged in the furniture business.

There is, therefore, sufficient evidence in the record to support the judgment rendered by the lower court and we will not disturb the same on appeal. *Palmer* v. *Barreras,* 73 P.R.R. 266; *Sierra, Commissioner* v. *Morales,* 72 P.R.R. 647; *Santos* v. *Berdecía,* 73 P.R.R. 713; *Varela* v. *Fuentes,* 70 P.R.R. 838; Rule 52 of the Rules of Civil Procedure.

In the discussion of the second error the appellant argues that the "amended judgment" (second judgment), giving retroactive effect to the payment of the allowance for support as of the filing date of the complaint, is void because it was entered subsequent to the filing of the notice of appeal. The appellee maintains, on the contrary, that the said judgment is valid alleging that the appeal was taken after the parties filed separate motions for reconsideration of the judgment.[2] We need not consider the question as to the effect of the filing of the motions for reconsideration. The reason is that the first judgment, even if it failed to provide expressly for the retroactive payment of the allowance, had such effect. This is so because the payment of the allowance for support, by express provision of the law, must begin on the date the petition is filed. Section 147 of the Civil Code (31 L.P.R.A. § 566).[3]

In judgments rendered in actions for support such a provision is imperative.[4] Since the first judgment ordered

---

[2] The motions for reconsideration were not included in the judgment roll, but the appellee attached to her brief certified copies thereof.

[3] That section provides:

"§ 566. Beginning of obligation; time of payment

"The obligation to support may be claimed from the time the person having a right thereto shall require such support; but it shall not begin until the date on which a petition therefor is made.

"Payments for support shall be made monthly, in advance, and when the person receiving the same dies, his heirs shall not be required to return any sum that may have been paid in advance.—Civil Code, 1930, § 147."

the defendant to pay to plaintiff an allowance for support of $50 a month without making any other pronouncement as to the date the obligation begins, the legal provision that the support shall be payable as of the filing of the complaint must be considered as integral part of the judgment. See *Padilla* v. *Vidal*, 71 P.R.R. 483, 492; *Sierra, Commissioner* v. *Blondet*, 70 P.R.R. 200.

■ Lastly, we will say that, even though the paternity is established for the first time in the judgment for support proper, the support shall begin, according to § 147 of the Civil Code, as of the filing date of the complaint. We now ratify the *per curiam* decision in *Irlanda* v. *Carro*, judgment of March 11, 1954.

For the reasons stated, the judgment appealed from will be affirmed.

Mr. Justice Hernández Matos did not participate herein.

---

[4] See Judgment of June 21, 1935, of the Supreme Court of Spain, in which it is held that a judgment which orders the person obliged to give support to the recipient without specifying the date on which such payment must commence but merely "orders such person to comply thereafter with such obligation by receiving and supporting the recipient in his home," is erroneous since it fails to make any pronouncement as to the support corresponding to the period from the date of the petition to the date of the judgment.